UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO.: 1:09CV-54-M

JOHNNY M. CHILDRESS                                                                        PLAINTIFF

v.

INTERSTATE BATTERY SYSTEMS
OF AMERICA, INC. and JOHNSON
CONTROLS BATTERY GROUP, INC.                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendant, Johnson Controls Battery Group, Inc. (JCBG), to dismiss [DN 17]. Fully briefed, this matter is ripe for decision.

### I. INTRODUCTION

Childress brought this claim against JCBG through a June 23, 2009 amended complaint seeking compensation for damages he allegedly sustained on November 26, 2007. (Am. Compl. ¶ 6.) In his complaint, Childress alleges that on November 26, after he parked and exited his vehicle in his driveway, he noticed the distinct odor of battery fumes emanating from his vehicle. (Id.) Fearing that his vehicle might catch on fire, he disconnected a series of three batteries, and removed one of the batteries from the compartment in which it was housed. (Id. ¶¶ 6-7.) He then immediately carried the battery into a garage bay-door located approximately 10-15 feet away from the parked truck. (Id. ¶ 7.) As he bent over to place the battery upon a workbench inside the garage, the battery violently exploded sending plastic shards and battery acid into his face and eyes. (Id. ¶¶ 7-9.) As a result of this incident, Childress alleges that he

is now blind in his right eye and suffers from permanent hearing loss in his right ear. (Id. ¶ 10.) Childress alleges that JCBG designed, manufactured, warranted, distributed, promoted, advertised and sold the battery in question. (Id. ¶ 7.) He brought this products liability action against JCBG asserting claims of negligence, strict liability in tort, and warranty. (Id. ¶¶ 11-25.) In its motion to dismiss, JCBG argues that Childress's negligence and strict liability claims are barred by the applicable 1-year statute of limitations and that Childress's warranty claim is barred for lack of privity.

## II. MOTION TO DISMISS STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949,

1950. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 1950 (internal markings omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Childress contends that his claims against JCBG for products liability are timely pursuant to the two-year limitations period specified in the Motor Vehicle Reparations Act (MVRA), KRS 304.39-230(6), and pursuant to the four-year limitations period for breaches of warranty under the Uniform Commercial Code, KRS 355.2-725.

#### A. MOTOR VEHICLE REPARATIONS ACT

Generally speaking, an action for personal injuries must be brought within one year after the action accrued or be time-barred. KRS 413.140(1)(a). However, where the injured party is a "motor vehicle accident victim[]," the MVRA "extends the statute of limitations to two years . . . ." Bailey v. Reeves, 662 S.W.2d 832, 833 (Ky. 1984); KRS 304.39-230(6) ("[a]n action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs."). Specifically, the limitations period is extended "with respect to *accidents* occurring in this Commonwealth and *arising from the ownership, maintenance or use of a motor vehicle* . . . ." Bailey, 662 S.W.2d at 833 (emphasis added). Here, Childress brought this action against JCBG more than one year, but less than two years after he sustained his injuries. Therefore, Childress's claim for negligence and strict liability in tort are untimely unless those claims falls within the scope of the MVRA.

Childress contends these claims falls within the scope of the MVRA because his injuries

3

arose out of the use of his motor vehicle. However, this is only part of the inquiry. In State Farm Mut. Auto. Ins. Co. v. Rains, the Kentucky Supreme Court formulated a two part test to determine whether a person's injuries fall within the scope of the MVRA. 715 S.W.2d 232 (Ky. 1986). The first part asks "whether the injured persons were motor vehicle accident victims." Id. at 233. It is the second part that asks "whether their injuries arose out of the use of a motor vehicle." Id.

1. Was Childress a "Motor Vehicle Accident Victim"?

The Kentucky Supreme Court has made clear that not all injuries having a connection with a motor vehicle are covered by the MVRA and its two year statute of limitations. See Floyd v. Gray, 657 S.W.2d 936, 939 (Ky. 1983) (citing Gray v. State Farm Mut. Auto. Ins. Co., 605 S.W.2d 775 (Ky. Ct. App. 1980)). Instead, "[t]he purview of the Act is motor vehicle accident victims." Bailey, 662 S.W.2d at 835. Therefore, a wife's claim for loss of consortium did not fall within the scope of the MVRA after her husband sustained injuries in a motor vehicle accident because "strictly speaking the wife of a victim was not, herself, an accident victim, and not within the class whom the [MVRA] was designed to protect." Id. Similarly, in Rains, the Kentucky Supreme Court held that persons assaulted while entering a vehicle and those shot and killed while riding in a vehicle are not "motor vehicle accident victims" for purposes of the MVRA because

> the only connection between the victims and a motor vehicle was incidental. No motor vehicle accident contributed to their injuries. It follows that they were not victims of a motor vehicle accident.

715 S.W.2d at 233. More recently, the Sixth Circuit held that a taxicab passenger that was

4

followed into her home and raped by the taxicab driver was not a "motor vehicle accident victim" for purposes of the MVRA. Morell v. Star Taxi, 343 F. App'x 54, 60 (6th Cir. 2009) (unpublished). The Sixth Circuit reasoned that "the taxi did not contribute to [the victim's] injuries." Id.

Here, the Court finds that Childress was not a motor vehicle accident victim as contemplated by the MVRA.[1] Like Rains and Morell, the only connection between Childress's injuries and his motor vehicle was incidental. Childress was not in his vehicle when he sustained injuries, his battery did not explode as a result of an accident involving his vehicle, and it was the battery, not his vehicle, that was the sole cause of his injuries. Nothing from the alleged facts would indicate that his motor vehicle contributed to his injuries. Childress is simply not within the class of persons whom the MVRA was designed to protect.

2. Did Childress's Injuries Arise from the "Use of a Motor Vehicle"?

Under the second part of the Rains test, an injury only falls within the scope of the MVRA if the injury "arose out of the use of a motor vehicle." Rains, 715 S.W.2d at 233. "Use of a motor vehicle" has been defined by the MVRA as "any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it. It does not include: (a) Conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or (b) Conduct in the course of

---

[1] Childress correctly recognizes that under the MVRA, it is not necessary for the action for tort liability to be *against* an owner, operator, or occupant of a motor vehicle. Bailey, 662 S.W.2d at 835. Nevertheless, Bailey still requires that the claim be brought by a "victim of an automobile accident" that "aris[es] from the ownership, maintenance or use of a motor vehicle." Id. 833, 834.

5

loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it." KRS 304.39-020(6). Furthermore, it is only when a person's injuries *arise out of* that use that their injuries fall within the scope of the MVRA. See Rains, 715 S.W.2d at 234. This requires some causal connection between the injuries and the use of the motor vehicle. Id.

Based on the facts alleged in the complaint, Childress was not injured while using his truck as a vehicle. In Commercial Union Assurance Cos. v. Howard, the Kentucky Supreme Court was presented with the question as to whether the MVRA "afford[ed] coverage to an injured policyholder who is injured while attempting to repair his own vehicle while parked in his own driveway[.]" 637 S.W.2d 647, 648 (Ky. 1982). Under such circumstances the injured party "was not utilizing his truck *as a vehicle* at the time he received his injuries." Id. at 649 (emphasis in original). Reasoning that "[b]asic automobile insurance policies are intended to cover 'driving' the vehicle, not repairing it[,]" the court concluded that the injured party "was not covered under the no-fault provisions of his automobile insurance policy . . . ." Id. Like the injured party in Howard, Childress was injured while his car was parked in his driveway and while he was performing repairs on what he believed to be a malfunctioning battery.

Childress contends that the facts alleged in his Amended Complaint are similar to State Farm Mut. Auto. Ins. Co. v. Ky. Farm Bureau Mut. Ins. Co., 671 S.W.2d 258 (Ky. Ct. App. 1984) and Ky. Farm Bureau Mut. Ins. Co. v. Gray, 814 S.W.2d 928 (Ky. Ct. App. 1991). In State Farm, Eldridge, the owner of a truck that stalled along the road, was killed as he attempted to connect his truck to his son's vehicle. State Farm, 671 S.W.2d at 258-59. Eldridge's son was

6

to tow his truck to a service station to perform necessary repairs. Id. However, before Eldridge could connect the vehicles together, another truck driven by Lavelle, struck the rear of Eldridge's truck causing Eldridge to be pinned between his truck and his son's vehicle. Id. at 259. Eldridge died as a result of his injuries. Id. The question before the Court was whether Eldridge was a pedestrian or whether he was utilizing his own vehicle as a vehicle. The appeals court concluded that Eldridge was a user of his vehicle at the time he sustained his injuries because "[h]e was utilizing his vehicle in trying to get it to a service station for repairs." Id.

In Gray, the plaintiff, Doyle, who was driving his mother's vehicle, stopped along side of the road to assist a stranded motorist. 814 S.W.2d at 929. Doyle temporarily removed the battery from the vehicle he was driving. Id. As he was replacing the battery, the stranded motorist's vehicle "popped out of gear" and rolled backwards causing Doyle to be pinned between the two vehicles and injured. Id. Doyle argued that he was covered by the terms of his mother's insurance policy because he was an occupant of that vehicle. The appellate court agreed, concluding that Doyle was "using" his mother's vehicle at the time of his injury because he was "returning his temporarily disabled vehicle to a drivable condition." Id. at 929-30.

Although similar, the facts of State Farm and Gray are distinguishable. In each of those cases, the injured parties were on the road either putting a battery back in their vehicle to make it drivable or they were preparing to have their vehicle towed to a service station. Here, Childress was not injured while stranded along the road, nor was he injured while putting his vehicle into a drivable condition. Rather, like the injured party in Howard, Childress was parked on his residential driveway attempting to make repairs to his vehicle. Furthermore, the

injuries sustained in State Farm and Gray arose out of a collision with another vehicle.[2] Here, like Howard, Childress sustained injuries as a result of repairing his vehicle.

The Court finds that Howard is controlling. Childress was attempting to effect repairs to his vehicle and during that process he was injured, not during a motor vehicle accident, but as a result of those repairs. His injuries simply do not fall within the scope of the MVRA.[3] Accordingly, Childress's claims for negligence and strict liability in tort are barred by Kentucky's 1-year statute of limitations for personal injuries. KRS 413.140(1)(a).

## B. BREACH OF WARRANTY

Based upon Childress's acknowledgment that he is not in privity with JCBG, (Pla.'s Resp. Mot. Dismiss at 10,) his claim for breach of warranty, which would otherwise carry with it a 4-year limitations period, fails as a matter of law. Under the UCC as adopted by the Kentucky legislature, a warranty only extends "to any natural person who is in the family or household *of his buyer* or who is a guest in his home if it is reasonable to expect that such

---

[2] The Court only notes that Childress was not involved in a collision with another vehicle to distinguish State Farm and Gray. The Court does not hold that a collision is required for the MVRA to apply. See Fields v. BellSouth Telecomms., Inc., 91 S.W.3d 571, 573-74 (Ky. 2002) (one who trips and is injured while entering into or alighting from a vehicle is "using" the vehicle for purposes of the MVRA).

[3] Childress contends that he was "using" his truck at the time he sustained his injuries because he was repairing it. Childress points out that the definition of "use of a motor vehicle" excludes "conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles," *except* where the "conduct occurs off the business premises." KRS 304.39-020(6). Childress maintains that since he is not in the business of repairing vehicles, and that he was not performing these repairs on his business premises, that he was "using" his vehicle for purposes of the MVRA. However, Childress's argument is foreclosed by the Kentucky Supreme Court's holding in Howard. There, the court concluded that the party who was injured while repairing his vehicle in his driveway was not performing "maintenance" on his vehicle, and that he was not "us[ing] a motor vehicle" under the exception identified by Childress. See Howard, 637 S.W.2d at 648-49.

person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." KRS 355.2-318 (emphasis added). In Compex Int'l Co., Ltd. v. Taylor, the Kentucky Supreme Court held that

> a seller's warranty protections are only afforded to one with whom there is privity of contract, or, to use the terms of the statute, a "seller's" warranty protections are only afforded to "his buyer." Although the statute provides an exception to the privity requirement, that exception is limited to its clear terms and includes only those individuals who enjoy the specified relationship with the buyer.

209 S.W.3d 462, 465 (Ky. 2006). Childress's reliance upon Dealers Transport Co. v. Battery Distrib. Co., 402 S.W.2d 441 (Ky. 1965) and Griffin Indus., Inc. v. Jones, 975 S.W.2d 100 (Ky. 1998) is misplaced. "While there is no question that the Dealers Court openly entertained the idea of disposing of privity as a prerequisite for products liability actions involving breach of warranty, the Court ultimately declined to endorse that view, deciding that the concept of strict liability, as defined in Section 402A of the Restatement (Second) of Torts, was the better approach." Compex, 209 S.W.3d at 464. And the Griffin court, which held that "privity is not a prerequisite to the maintenance of an action for breach of an implied warranty in products liability actions," Griffin, 975 S.W.2d at 102, "mischaracterized the holding in Dealers," Compex, 209 S.W.3d at 464. Any indication in Griffin that Kentucky courts were prepared to dispose of the privity requirement in warranty actions was expressly dispelled by the later decision of the Kentucky Supreme Court in Compex. Because Childress acknowledges that he is not in privity with JCBG, his warranty claim does not state "a plausible claim for relief." Iqbal, 129 S. Ct. at 1950.

## IV. CONCLUSION

Accordingly, the motion by the defendant, Johnson Controls Battery Group, Inc., to dismiss [DN 17] is **GRANTED**.

cc: Counsel of Record